UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE LIMAN**

UNITED STATES OF AMERICA

v.

JOVANNY CONCEPCION,

Defendant.

**SEALED INDICTMENT**

25 Cr.

25 CRIM 217

## COUNT ONE
### (Healthcare Fraud)

The Grand Jury charges:

#### Payment of Workers' Compensation to DOC Employees

1.      The New York City Department of Correction ("DOC"), like other employers in the state of New York, is required to provide workers' compensation coverage for their employees. The New York State Workers' Compensation Board (the "Board") administers New York's no-fault workers' compensation claims system, which guarantees medical care and cash benefits to people who are injured at work, including DOC employees. Payments made to DOC employees are paid from the New York City Treasury.

2.      From at least on or about June 19, 2017, through on or about April 28, 2021, JOVANNY CONCEPCION, the defendant, was a correction officer employed by the DOC and assigned to work at a prison facility located at Rikers Island in Bronx County that is operated by DOC.

#### Overview of the Healthcare Fraud Scheme

3.      From at least on or about June 3, 2019, and through on or about August 4, 2023, JOVANNY CONCEPCION, the defendant, engaged in a scheme to submit false and fraudulent worker's compensation claims to the Board. In total, CONCEPCION submitted at least three false claims, resulting in his receipt of $232,427.97 in compensation to which CONCEPCION was not entitled.

1

4.      To effectuate the scheme, JOVANNY CONCEPCION, the defendant, made false and fraudulent claims and statements.  First, CONCEPCION falsely claimed in workers' compensation filings to the Board that he was injured while on duty at Rikers Island during incidents with incarcerated individuals requiring the use of force, and other work-related tasks.  Second, following these incidents, CONCEPCION made repeated false and fraudulent statements to physicians and independent medical examiners ("IMEs") regarding his alleged injuries.  In truth and in fact, CONCEPCION was not experiencing the symptoms that he represented to the Board, his physicians, or the IMEs.  Rather, as evidenced from, among other things, surveillance footage, items seized from CONCEPCION's cellphone, and other public information, CONCEPCION made knowingly false claims about his injuries and symptoms.

### Statutory Allegations

5.      From at least on or about June 3, 2019, and through on or about August 4, 2023, in the Southern District of New York and elsewhere, JOVANNY CONCEPCION, the defendant, knowingly and willfully executed, and attempted to execute, a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, CONCEPCION engaged in a scheme to defraud New York City's no fault workers' compensation program by making materially false statements and claims for workers' compensation awards to which CONCEPCION was not entitled.

(Title 18, United States Code, Section 1347.)

2

## COUNT TWO
### (Mail Fraud)

The Grand Jury further charges:

6.      The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

7.      From at least in or about June 3, 2019, and through on or about August 4, 2023, in the Southern District of New York and elsewhere, JOVANNY CONCEPCION, the defendant, knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and took and received therefrom, such matters and things, and knowingly caused to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, CONCEPCION obtained fraudulent worker's compensations awards that had been transmitted through the United States mail.

(Title 18, United States Code, Section 1341.)

## COUNT THREE
### (False Statements Relating to Healthcare Matters)

The Grand Jury further charges:

8.      The allegations contained in paragraphs 1 through 4 of this Indictment are repeated and realleged as if fully set forth herein.

9.      On or about April 21, 2021, in the Southern District of New York and elsewhere, JOVANNY CONCEPCION, the defendant, knowingly and willfully made materially false, fictitious,

or fraudulent statements and representations, in connection with the payment for health care benefits, items and services involving a healthcare benefit program, as defined in 18 U.S.C. § 24(b), to wit, CONCEPCION falsely claimed on a Worker's Compensation Employee Claim Form C-3 that he injured his right hip, right knee, and right ankle during a use of force incident while working at a DOC facility in connection with payments from New York City's no-fault workers' compensation program.

(Title 18, United States Code, Sections 1035(a)(2).)

## FORFEITURE ALLEGATIONS

10.    As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, JOVANNY CONCEPCION, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

### Substitute Assets Provision

11.    If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property described above.

(Title 18, United States Code, Section 982; and
Title 21, United States Code, Section 853.)


_____                    _____
FOREPERSON                                  JAY CLAYTON
                                            United States Attorney

5